# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MATTHEW M. AULICINO,**

          **Plaintiff,**

**v.**                                   **Case No:   6:16-cv-878-Orl-31TBS**

**KRISTINE EPPERSON MCBRIDE,
STUART EPPERSON and NANCY
EPPERSON,**

          **Defendants.**

_____

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 26) filed by the Defendants.   The Plaintiff's response in opposition was stricken as untimely on March 2, 2017.   (Doc. 32).

### I.    Background

According to the allegations of the Complaint (Doc. 1), which are accepted in pertinent part as true for purposes of resolving the instant motion, the Plaintiff, Matthew Aulicino ("Aulicino"), was hired by Defendant Kristine Epperson McBride (henceforth, "McBride") and by her parents, Defendants Stuart Epperson and Nancy Epperson, to serve as McBride's bodyguard during the course of her divorce from her then-husband.   (Doc. 1 at 1-2).   Aulicino worked for McBride and the Eppersons from November 16, 2013 to May 4, 2014.   (Doc. 1 at 3).   He contends that he was never paid for his work and is owed $77,500.   (Doc. 1 at 3).   He also contends that he was assaulted by McBride and that the Defendants falsely accused him of offering to murder McBride's husband.   (Doc. 1 at 8-9, 18-19).

## II.      Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).   A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984).   In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff.   *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988).   The Court must also limit its consideration to the pleadings and any exhibits attached thereto.   Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007).   Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.   *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.   A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. at 1949 (internal citations and quotations omitted).   "[W]here the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged –

but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R.

Civ. P. 8(a)(2)).

### III.    Analysis

In the first four counts of the Complaint, Aulicino seeks to recover the $77,500 he is

allegedly owed under theories of recovery of lost wages (Count I), estoppel (Count II), unjust

enrichment (Count III), and quantum meruit (Count IV).   Under Florida law, an action to recover

wages must be commenced with two years.   Fla. Stat. § 95.11(4)(c).   This limitation period

applies even when the attempt to recover wages is characterized in other ways, such as an unjust

enrichment claim.   *See, e.g., Blackburn v. Bartsocas*, 978 So. 2d 820, 822 (Fla. 4th DCA 2008)

(finding that unjust enrichment claim was "in reality a claim for past wages" and was therefore

limited by Section 95.11(4)(c)).   According to the allegations of the Complaint, Aulicino last

worked for Epperson on May 4, 2014.   There is nothing in the Complaint to suggest that the

wages were due after the last day on which Aulicino worked for Epperson.   The instant case was

filed on May 26, 2016 – more than two years after that date.   The first four counts will therefore

be dismissed.   As this is Aulicino's initial pleading, and as there is at least a theoretical possibility

that additional factual allegations could provide a basis for overcoming the statute of limitations

issue, the dismissals will be without prejudice.

In Count V, Aulicino contends that the Defendants falsely told law enforcement officials

that he had offered to kill McBride's then-husband, and that the negative publicity resulting from

this allegation "interfered … with Plaintiff's prospective business relationships."   (Doc. 1 at 12).

Under Florida law, an action for tortious interference with a business relationship generally

requires "a business relationship evidenced by an actual and identifiable understanding or

agreement which in all probability would have been completed if the defendant had not interfered." *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 815 (Fla. 1994). Aulicino does not identify any such relationship, or even allege that one existed.   Instead he simply asserts that the Defendants prevented him from "entering into business relationships with new clients."   (Doc. 1 at 12).   Aulicino has failed to state a claim for tortious interference with prospective business relationships, and Count V will therefore be dismissed without prejudice.

Count VI is a slander claim based on the same allegations about Aulicino offering to murder Epperson's then-husband, which were made by the Defendants to the police and others. Aulicino argues that the utterances at issue were made "[o]n or before October 2013."   A slander claim under Florida law is subject to a two-year statute of limitations.   Fla. Stat. § 95.114(g).   As this action was filed more than two-years after October 2013, this count will also be dismissed without prejudice.

In Count VII, Aulicino relies on the same allegations to assert a claim for false light invasion of privacy.   (Doc. 1 at 15).   However, Florida does not recognize a cause of action for this tort.   *Anderson v. Gannett Co., Inc.,* 994 So. 2d 1048 (Fla. 2008).   Count VII will therefore be dismissed with prejudice.

Aulicino next asserts two claims for infliction of emotional distress – one for intentional infliction (Count VIII) and one for negligent infliction (Count IX).   But the allegations set forth in the Complaint – failure to pay wages, false accusations of offering to commit a crime, and assault – are nowhere near outrageous enough to state a claim for intentional infliction of emotional distress.   *See Metro. Life Ins Co. v. McCarson*, 467 So. 2d 277, 278-79 (Fla. 1985) (quoting Restatement (Second) of Torts and holding that the tort requires conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be

regarded as atrocious, and utterly intolerable in a civilized society.")   And, generally speaking, recovery of damages for negligent infliction of emotional distress under Florida law requires either (1) some physical contact during the incident giving rise to the emotional distress or (2) a physical injury, manifesting shortly after the distressing incident and resulting from it.   *Willis v. Gami Golden Glades, LLC*, 967 So. 2d 846, 850 (Fla. 2007).   Aulicino does not allege any contact or physical manifestation of distress in connection with the false criminal allegations.   Counts VIII and IX will be dismissed without prejudice.

Count X is a claim for abuse of process, again based on the false criminal allegations. Abuse of process involves the use of criminal or civil legal process against another primarily to accomplish a purpose for which it was not designed.   *Cline v. Flagler Sales Corp.*, 207 So. 2d 709, 711 (Fla. 3d DCA 1968).   To state a claim for abuse of process under Florida law, a plaintiff must allege (1) willful and intentional misuse of process for some wrongful or unlawful object, or collateral purpose, and (2) that the act or acts constituting the misuse occurred after the process issued.   *Miami Herald Pub. Co., Div. of Knight-Ridder v. Ferre*, 636 F. Supp. 970, 974-75 (S.D. Fla. 1985).   Here, Aulicino does not allege that the Defendants (or anyone else) ever instituted a suit against him.   Accordingly, Count X will be dismissed.

The Defendants argue that Count XI should be dismissed because Aulicino has not clearly articulated a claim.   Upon review, the Court finds that Aulicino has articulated a claim for battery in Count XI.   In that count, Aulicino asserts that McBride, in essence, groped him and coerced him into having sex.   To state a claim for battery under Florida law, the plaintiff must allege that the tortfeasor made some form of harmful or offensive contact, and that he or she intended to cause the contact.   *Vernon v. Medical Management Associates of Margate, Inc.*, 912 F.Supp. 1549, 1556 (S.D. Fla. 1996).   Aulicino has cleared this minimal threshold.   However, while

Aulicino asserts this claim against all three Defendants, he has not pled that the Eppersons did anything in connection with the alleged tort.   The claim will be therefore be dismissed with prejudice as to the Eppersons.

In addition, the *ad damnum* clause of Count XI includes demands for attorney's fees and punitive damages.   However, Aulicino has not articulated any basis for recovery of attorney's fees in connection with a battery claim, and the request for those fees will be dismissed with prejudice.   In addition, under Florida law, merely setting forth conclusory allegations in the complaint is insufficient to entitle a claimant to recover punitive damages.   *Porter v. Ogden, Newell & Welch,* 241 F.3d 1334, 1341 (11th Cir. 2001) (citing cases).   The allegations of Count XI are insufficient to demonstrate entitlement to recover punitive damages.   The request for punitive damages will be dismissed without prejudice.

## IV.    Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 26) is **GRANTED IN PART AND DENIED IN PART**, as follows:

(1)   Count VII is dismissed with prejudice;

(2)   Counts I through VI and VIII through X are dismissed without prejudice;

(3)   Count XI is dismissed without prejudice as to Stuart Epperson and Nancy Epperson;

(4)   the demand for attorney's fees in Count XI is dismissed with prejudice; and

(5)   the demand for punitive damages in Count XI is dismissed without prejudice.

If the Plaintiff wishes to file an amended complaint, he must do so on or before April 7, 2017.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 24, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE